Matter of M.J. (D.T.) (2022 NY Slip Op 06750)

Matter of M.J. (D.T.)

2022 NY Slip Op 06750

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Docket No. NN-01607/18, NN-01068/18, NN-01609/18, NN-01610/18, NN-01611/18, NN-01345/19 Appeal No. 16743 Case No. 2021-02515 

[*1]In the Matter of M.J., and Others, Children Under Eighteen Years of Age, etc., D.T., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the children M. J. and R. J.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children Q. T., J. T. and P.T.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about June 28, 2021, which inter alia determined, after a fact-finding hearing, that respondent father neglected the subject children Q.T., and J.T. and derivatively neglected the subject children R.J., M.J., and P.T., unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that respondent neglected the subject children Q.T, and J.T by committing an act of domestic violence against their mother in the children's presence. The record established that respondent, in violation of an order of protection, forced his way into the mother's apartment, pushed one of the children to the ground, choked the mother, brandished a knife and threatened to kill everyone. This incident evinces a strongly impaired parental judgment, and the children were exposed to a substantial risk of harm, sufficient to sustain a finding of neglect (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]; Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623 [1st Dept 2019]).
The child's out-of-court statements regarding the details of the incident and the injuries respondent inflicted upon the mother were corroborated by the caseworker's testimony and the criminal complaint (see Matter of Carmine G. [Franklin G.], 115 AD3d 594, 594 [1st Dept 2014]).
The evidence supported the finding of derivative neglect on behalf of M.J, R.J, and P.T. because respondent's actions demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to any child in his care (see Matter of Justin E. [Jose N.-R.], 172 AD3d 613, 614 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022